**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THE OHIO CASUALTY INSURANCE COMPANY,**

               **Plaintiff,**

  vs.                                                 1:19-CV-1267
                                                       (TJM/CFH)

**MYPAYROLLHR, LLC, which may now be
known as "CLOUDPAYROLL LLC" or
"CLOUD PAYROLL LLC,**

               **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


### ORDER

     Plaintiff The Ohio Casualty Insurance Company ("Ohio Casualty") filed a verified complaint on October 15, 2019. See dkt. # 1. Plaintiff alleges that Defendant fraudulently obtained and renewed an insurance policy for commercial crime, and seeks recision of the policy Ohio Casualty issued, as well as the fees for filing this action. Id. Plaintiff alleges that Defendant, a company that provided payroll services, and Michael T. Mann, who was the sole shareholder of that company, were engaged in series of financial fraud crimes at the time Defendant applied for insurance coverage. Failing to disclose this criminal activity amounts to fraud in obtaining the policy, the Plaintiff claims, and justifies recision. Plaintiff seeks a declaratory judgment from the Court declaring the insurance policy void from its inception and awarding Plaintiff fees and costs.

1

The Court issued summons on October 16, 2019.  See dkt. # 2.  Plaintiff filed an affidavit of service on December 3, 2019.  See dkt. # 5.  The affidavit revealed that the Complaint had been served on the Defendant on November 14, 2019.  Id.  Plaintiff filed a request for entry of default on December 18, 2019.  See dkt. # 6.  The Clerk of Court entered default against Defendant on December 19, 2019.  See dkt. # 7.  Plaintiff filed the instant motion for default judgment on January 27, 2020.  See dkt. # 12.

"[A] default is an admission of all well-pleaded facts against the defaulting party." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 246 (2d Cir. 2004).  "Upon entry of a default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded an opportunity to contest the amount claimed."  Cement Worker Dist. Council Welfare Fund v. Metro Found. Contrs., Inc., 699 F.3d 230, 234 (2d Cir. 2012).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence based upon evidence presented at a hearing or upon review of detailed affidavits and documentary evidence."  Id.

No evidentiary hearing is necessary to resolve the issues before the Court.  Among the well-pleaded facts in the Complaint is that the Defendant made material misrepresentations to the Plaintiff in order to obtain a policy of insurance.  Defendant's failure to answer constitutes an admission of those well-pleaded facts.  Plaintiff's motion for default judgment contains additional information about the financial scheme in which Mann and the Defendant company were involved, as well as documents that demonstrate that Defendant concealed material information from the Plaintiff in applying for and renewing the policy.  "Under New York law, an insurer may rescind a policy if it was issued

2

in reliance on material misrepresentations." Fid. Guar. Ins. Underwriters, Inc. v. Jasam Realty, Corp., 540 F.3d 133, 139 (2d Cir. 2008). New York law defines a material misrepresentation "as a false 'statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance of the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof.'" Id. (quoting N.Y. Ins. Law § 3105(a)). Recision can also occur "'if the insured fraudulently concealed from or misrepresented a material fact to the insurer at the time the policy was issued.'" Id. (quoting City of Johnstown v. Bankers Standard Ins. Co., 877 F.2d 1146, 1153 (2d Cir. 1989)). "[A]n insurance policy issued in reliance on material misrepresentations is void from its inception." Republic Ins. Co. v. Masters, Mates, & Pilots Pension Plan, 77 F.3d 48, 52 (2d Cir. 1996).

The Court finds that the well-pleaded facts in the Complaint, as well as the additional evidence provided by the Plaintiff, justify providing the relief that Plaintiff seeks. As such:

The Plaintiff's Motion for Default Judgment, dkt. # 12, is hereby **GRANTED,** as follows:

1. Judgment of Default is hereby **ENTERED** against the Defendant;

2. The Crime Protection Policy of Insurance, Policy No. 51056287, issued by Ohio Casualty, as insurer, to Defendant, as insured, is hereby declared to be rescinded and null and void from its inception;

3. The Defendant is not and shall not be entitled to any benefits under the subject Policy of Insurance; and

3

4. Defendant is hereby ordered to pay to Plaintiff $400.00 in costs.

**IT IS SO ORDERED.**

**Dated:** March 25, 2020

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge